```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SLB ENTERPRISE, LLC, d/b/a    :    CIVIL ACTION
AGI CORPORATION USA           :
                              :
          v.                  :
                              :
AGI CORPORATION               :    NO. 11-mc-259
```

MEMORANDUM

McLaughlin, J.                                     December 8, 2011

This dispute arises from a subpoena issued in connection with a contract action in the United States District Court for the Northern District of Georgia, styled SLB Enterprise, LLC v. AGI Corporation, Civ. No. 10-1873 (the "Georgia Action"). In that case, the plaintiff ("SLB") sued the defendant ("AGI") for breaches of two contracts governing SLB's service as AGI's sales agent in the United States. The Georgia Action concerns AGI's termination of its Sales Agreement with SLB. SLB served a subpoena duces tecum issued by this Court on John Braddock, a nonparty to the Georgia Action, who now moves to quash it as unduly burdensome. The Court will deny Braddock's motion.

In the Georgia Action, SLB brought claims for breach of contract and tortious interference with business relations, and AGI counterclaimed for breach of contract, breach of fiduciary duty, and conversion. AGI's motion to dismiss SLB's complaint was granted; AGI's counterclaims remain. See generally Opinion & Order, Georgia Action ECF No. 32. SLB filed an amended complaint

bringing only a claim for breach of the Sales Agreement between SLB and AGI.  Georgia Action ECF No. 37.

During discovery, AGI produced documents suggesting that John Braddock replaced SLB as AGI's sales agent.  SLB Opp. 5 n.1; Decl. of John Braddock ¶ 8, Mot. Ex. G ("Braddock Decl.") (describing his signing a "consulting agreement" with AGI on March 12, 2010, the effective date of AGI's cancellation of its Sales Agreement with SLB).  The documents sought by the subpoena are limited to a fourteen-month period between January 2009 and March 2010.  Each request is directed at communications involving Braddock and related to the operative complaint's allegations that AGI improperly breached its Sales Agreement with SLB.

The Federal Rules of Civil Procedure permit a district court to quash a subpoena if it "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).  Rule 45 must be read in connection with Rule 26, which defines the permissible scope of discovery; however, a district court may deny a motion to quash "if there is any ground on which [the information sought] might be relevant."  9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008).  The Court's role in evaluating a motion to quash is to balance the relevance of the materials sought and the severity of the burden on the subpoenaed person.  The person seeking to quash a subpoena as unduly burdensome bears the burden of proving that it is

unreasonable or oppressive.  Id.

Braddock has not met that standard here.  His motion identifies no burden that would result from his compliance with the subpoena.  Instead, he argues that the subpoena could only seek information from him relating to "potential breaches of the Sales Agreement that are not contemplated by the First Amended Complaint."  Mot. 3-4.  The subpoena, by requesting communications between AGI and Braddock prior to the termination of the Sales Agreement, clearly seeks information relevant to SLB's claims, made in the First Amended Complaint, that AGI breached the agreement by refusing to honor sales orders and use SLB as its exclusive sales agent.  SLB also points out that it became aware of Braddock's connection to the litigation only during discovery in August 2011, effectively countering Braddock's suggestion that SLB unnecessarily delayed in serving him with the subpoena.  If, as he contends, Braddock possesses no information regarding some of the requests in the subpoena, it would not be an undue burden to say so.  See, e.g., Braddock Decl. ¶ 7 (contending that he never met with AGI during November or December 2009).

Even so, the scope of relevance in discovery is not limited to the matters set forth in the operative complaint, but instead to "any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  SLB's subpoena is further permissible as seeking

information potentially relevant to its counterclaim defenses, which include allegations of unclean hands and claims that AGI's damages were caused by its own conduct.  SLB Answer to AGI Countercl., Georgia Action ECF No. 15.

The Court cannot conclude that production of the documents sought would be unduly burdensome.  The documents sought in the subpoena served on Braddock are reasonably calculated to lead to the discovery of evidence admissible in the Georgia Action.  The defendant's motion will be denied.

An appropriate order shall issue separately.